

FILED

JAN 31 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN,<br><br>Respondent. | Cause No. CV 18-106-H-BMM-JTJ<br><br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Bobby Francis Lowry's application for writ of habeas corpus under 28 U.S.C. § 2254. Lowry is a state prisoner proceeding pro se.

I.      **Background**

On August 8, 2017, following the entry of an *Alford* plea[1] to the offenses of Promotion of Prostitution and Partner or Family Member Assault, Lowry was sentenced to five years at the Montana State Prison. (Doc. 1 at 1-2.) After completing certain court-required programs, Lowry applied for a transfer to New

---

[1] An *Alford* plea is a plea of guilty in which the defendant maintains his innocence. See, *North Carolina v. Alford*, 400 U.S. 25, 36 (1970).

1

Mexico under the Interstate Corrections Compact. *Id.* at 2. In November of 2018, New Mexico rejected Lowry's application, because under New Mexico law, Lowry would be considered a sexual offender and Lowry's proposed residence was in close proximity to a bus stop and park. *Id.*[2] Lowry was informed that the state of New Mexico understood Lowry's Montana conviction did not require him to register as a sex offender under Montana law. (Doc. 4-1 at 5.) Lowry was further advised that in order for New Mexico to consider accepting him under an interstate transfer, he would need to provide a residential address that complied with New Mexico sex offender policies and would need to be willing to comply with their states sex offender conditions of supervision. (Doc. 4-1 at 6). While New Mexico would not require Lowry to register in their state as a sex offender, it would, nonetheless impose conditions of supervision upon him based upon the sexual nature of his conviction for Promotion Prostitution, pursuant to their state supervision requirements. *Id.* at 5, 8.

Lowry argues that the imposition of harsh such sentencing conditions upon him, whereby he essentially becomes a registered sex offender, violates his right to due process and to be free from ex post facto law. (Doc. 1 at 3-4.) He also contends the application of New Mexico law via the Interstate Compact,

---

[2] Apparently, under New Mexico law, a sex offender under supervision is prohibited from residing within 1,000 feet of schools, parks, daycare centers, or anywhere else children frequent. See, (Doc. 4-1 at 6.)

2

essentially holds him accountable to the legal standards of a state in which he committed no offense. *Id.*

Lowry asks this Court to order that any sex offender condition imposed by either Montana or New Mexico be deemed illegal and grant any other appropriate relief. *Id.* at 6.

## II. Analysis

As a preliminary matter, it does not appear that Lowry's claim sounds in habeas, because it constitutes a challenge to the conditions of his confinement rather than the fact or duration of his confinement. See e.g., *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (explaining that an action under 42 U.S.C. §1983, rather than habeas corpus, is proper if success on the merits would not "necessarily have meant immediate release or a shorter period of incarceration").

But, even assuming Lowry's claim is properly brought in a federal habeas action, the claim is not cognizable. Federal habeas corpus relief is available only for violations of the Constitution or laws or treaties of the United States. See, 28 U.S.C. §2254(a); see also, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Lowry has no federal constitutional right to be housed in a particular prison or in a particular state. *Olim v. Wakinekona*, 461 U.S. 238 (1983). Additionally, the Interstate Corrections Compact is not federal law. *Ghana v. Pearce*, 159 F. 3d 1206, 1209 (9th Cir. 1998).

3

Moreover, neither the Interstate Compact nor state law gives rise to a liberty interest in an interstate transfer protected by the federal due process clause in these circumstances. Lowry alleges that he is effectively being forced into sex offender designation by New Mexico. But, as discussed above, Lowry has been advised that he will not have to register in New Mexico as a sex offender, but rather, under their rules of supervision, he will be required to comply with certain state law requirements that are imposed upon individuals who have been convicted of a sex offense.

When Lowry sought clarification of his sentence in the Montana state district court, Lowry was advised that although he was not required as a condition of his sentence to register as a sex offender under Montana law, "it [was] possible that New Mexico's SVORA equivalent may require Defendant to register as a sexual offender… the State does not take a position on New Mexico's statute or New Mexico's Department of Correction's interpretation of its statute." (Doc. 4-1 at 2-3.)

Similarly, federal habeas corpus relief is unavailable for violations of state law or for alleged errors in the interpretation and application of state law. *Estelle*, 502 U.S. at 67-68 ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are

4

bound by a state court's construction of a state statute."). Lowry's claim that the state of New Mexico erred when it determined he would have to abide by certain conditions of supervision applicable to offenders who have committed a sexual offense is based upon New Mexico's interpretation of its own state law and, therefore, does not state a cognizable claim for federal habeas relief.

While the Court understands Lowry finds such conditions of supervision to be undesirable, he has failed to demonstrate that such conditions constitute an "atypical and significant hardship" upon him "sufficient to give rise to an interest protected by the Fourteenth Amendment." *Ghana*, 159 F. 3d at 1208-09 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Lowry's petition should be denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Lowry has not made a substantial showing that he was deprived of a constitutional right; his claim is not cognizable in federal habeas. Accordingly, no reasonable jurist would find basis to encourage further proceedings and there are no close questions. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Lowry's Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Lowry may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Lowry must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lowry is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

dismissal of his case without notice to him.

DATED this 31st day of January, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge