IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>                  Plaintiff,<br>vs.<br><br>JAMES SALMONSEN,<br><br>                  Defendant. | **CV 18-106-H-BMM-JTJ**<br><br>ORDER |

      Petitioner Bobby Francis Lowry filed a petition seeking a writ of habeas corpus under 28 U.S.C. §2254 on December 3, 2018. (Doc. 1.) Lowry was sentenced to the Montana State Prison for five years following the entry of an *Alford* plea to the offenses of Promotion of Prostitution and Partner or Family Member Assault.

      Lowry applied for a transfer to New Mexico under the Interstate Corrections Compact following his completion of certain court-required programs. New

1

Mexico rejected Lowry's application because Lowry would be considered a sexual offender under New Mexico law and Lowry's proposed residence was in close proximity to a bus stop and park. New Mexico law would not require Lowry to register as a sexual offender, but it would impose conditions of supervision upon him.

Lowry argues that imposition of sentencing conditions upon him whereby he essentially becomes a registered sex offender violates his right to due process and to be free form ex post facto law. (Doc. 1 at 3-4.) Lowry also contends that the application of New Mexico law holds him accountable to legal standards of a state in which he committed no offense. *Id.* Lowry asks this Court to order that any sex offender condition imposed by either Montana or New Mexico be deemed illegal and grant any additional appropriate relief. *Id.* at 6.

Magistrate Judge John Johnston issued Findings and Recommendations in this matter on January 31, 2019. (Doc. 5.) Judge Johnston determined that habeas corpus relief was not available for the allegations made by Lowry. Judge Johnston further determined that Lowry had no federal constitutional right to be housed in a particular prison or in a particular state. Judge Johnston reasoned that the Interstate Corrections Compact is not federal law giving rise to a liberty interest. Judge

Johnston recommended that Lowry's petition be denied. Judge Johnston further recommended that a certificate of appealability be denied.

Lowry timely objected to Judge Johnston's findings and recommendations. (Doc. 6.) The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations not specifically objected to. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

## I. Lowry's Objections

Lowry has set forth a proper objection to Judge Johnston's findings and recommendations. The Court will review Judge Johnston's findings and recommendations *de novo* to which Lowry has properly objected. Lowry properly objects to Judge Johnston's findings and recommendations that Lowry's claim does not arise under federal law. Lowry further properly objects to Judge Johnston's determination that Lowry's claim does not arise under federal habeas corpus relief.

The Ninth Circuit in *Ghana v. Pearce*, 159 F.3d 1206 (9th Cir. 1998), analyzed a similar issue regarding whether the Interstate Corrections Compact arises under federal law. The Ninth Circuit discussed whether the district court properly determined that a challenge to a transfer pursuant to the Interstate Corrections Compact was properly brought under 42 U.S.C. § 1983. *Ghana*, 159 at 1207. The Ninth Circuit determined that the interstate transfer of state prisoners is "purely a local concern." *Id.* at 1208. The Ninth Circuit further determined that "no federal interest absent some constitutional violation in the treatment of these prisoners exists." *Id.* This Court is unable to provide relief, therefore, under the Interstate Corrections Compact.

Lowry argues that he has properly constructed a federal habeas claim. Federal habeas corpus relief is available only for violations of the Constitution or

laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Federal habeas corpus relief is unavailable for violations of state law or for alleged errors in the interpretation and application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Lowry does not possess a right to be housed in a particular prison or particular state. Further, Lowry's claim that New Mexico erred in its determination that he would have to abide by certain conditions is New Mexico's interpretation of its own state law. This claim does not constitute a proper claim for habeas relief.

Lowry's claim additionally does not constitute a federal habeas corpus claim. Lowry does not challenge the fact duration of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Lowry's claim may have properly been brought under 42 U.S.C. § 1983, rather than habeas corpus because he challenges the conditions of his confinement. *See id.* The Ninth Circuit has determined, however, that a liberty interest does not derive from the Interstate Corrections Compact sufficient to establish the basis for a Section 1983 action, or habeas action. *Ghana,* 159 F.3d at 1209. Lowry has failed to show that he was deprived of a constitutional right. Lowry's objection is overruled.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 5), are **ADOPTED IN FULL.** Lowry's Petition, (Doc. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

DATED this 6th day of March, 2019.

_/s/ Brian Morris_
Brian Morris
United States District Court Judge